**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: 1:26cv26791

SONYA MANUEL-PARRISH,

Plaintiff,

v.

UNITEDHEALTHCARE INSURANCE COMPANY,

Defendant.
_________________________________/

**COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN**

COMES NOW the Plaintiff, SONYA MANUEL-PARRISH, by and through the undersigned attorney, and files this Complaint stating causes of action against Defendant, UNITEDHEALTHCARE INSURANCE COMPANY, and alleges as follows:

1. This is an action for recovery of benefits under employee welfare benefit plans brought pursuant to 29 U.S.C. §1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, et seq. (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the Acrelec Inc. & Hyperactive Technologies Inc. Group Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by Acrelec Inc. & Hyperactive Technologies Inc. D.B.A. Acrelec America, to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, with income protection in the event of a disability. Acrelec Inc. & Hyperactive Technologies Inc. D.B.A. Acrelec America is the Plan Sponsor and/or

Administrator.

4. Plaintiff alleges upon information and belief that Defendant, UNITEDHEALTHCARE INSURANCE COMPANY (hereinafter "UNITEDHEALTHCARE"), is, and at all relevant times was authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant UNITEDHEALTHCARE, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. UNITEDHEALTHCARE has extensive contacts within the state, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a resident and citizen of the United States, an employee of Acrelec Inc. & Hyperactive Technologies Inc. D.B.A. Acrelec America, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under Group Long Term Disability policy G/GA3V4967NM - LTD (Group Number 1527194) (the "Policy") that had been issued by Defendant UNITEDHEALTHCARE to Acrelec Inc. & Hyperactive Technologies Inc. D.B.A. Acrelec America to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

8. Defendant, UNITEDHEALTHCARE, is in possession of all master Policy and Plan documents.

9. The subject Policy promised to pay Plaintiff monthly long term disability benefits for a specified period of time should Plaintiff become disabled. Therefore, UNITEDHEALTHCARE both funds and decides whether claimants will receive benefits under the Plan and as such suffers from a structural conflict which requires additional skepticism.

10. Based upon information and belief, Plaintiff alleges that, according to the terms of the Plan, if Plaintiff became disabled, UNITEDHEALTHCARE promised to pay long term disability benefits to Plaintiff.

11. Prior to Plaintiff's disability under the terms of the Plan, Plaintiff, who had been employed with Acrelec Inc. & Hyperactive Technologies Inc. D.B.A. Acrelec America, was working as a Supply Chain Manager.

12. On or about July 1, 2024, Plaintiff became totally disabled from Plaintiff's past employment as defined by the Plan, due to bilateral hip issues, complex migraines with stroke-like symptoms, Hashimoto's Thyroiditis with auto immune flares, chronic fatigue, restless leg syndrome, CRPS, Pituitary adenoma, PTSD, anxiety, and other exertional and non-exertional impairments.

13. Plaintiff timely submitted a claim to UNITEDHEALTHCARE for payment of disability benefits.

14. On or about September 10, 2025, Defendant or its agents unreasonably and unlawfully denied Plaintiff's application for Plan benefits.

15. On or about March 9, 2026, Plaintiff appealed said denial of Plan benefits.

16. On or about June 26, 2026, Defendant or its agents unreasonably and unlawfully upheld its previous decision to deny Plaintiff's claim for Plan benefits.

17. In so doing, UNITEDHEALTHCARE or its agents unreasonably and unlawfully failed to timely identify the medical personnel who reviewed Plaintiff's file; relied upon the opinions of physicians who were financially biased and/or not qualified to refute the findings of Plaintiff's treating physicians; relied strictly upon physical requirements of occupations instead of taking into consideration the non-exertional requirements of Plaintiff's regular, or any, occupation; and misrepresented the terms of the Policy.

18. Additionally, UNITEDHEALTHCARE knew, or should have known, that the documentation submitted to and/or obtained by UNITEDHEALTHCARE clearly substantiated Plaintiff's disability and entitled Plaintiff to benefits under the Plan.

19. To date, even though Plaintiff has been disabled, UNITEDHEALTHCARE has not paid Plaintiff any disability benefits under the Policy, which should have begun on or about September 29, 2024, after a 90 day elimination period. The unlawful nature of UNITEDHEALTHCARE's denial decision is evidenced by, but not limited to, the following:

a. UNITEDHEALTHCARE engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed Plaintiff's file; failing to timely advise Plaintiff of what specific documentation it needed from Plaintiff to perfect Plaintiff's claim; and

b. UNITEDHEALTHCARE ignored the obvious, combed the record, and took selective evidence out of context as a pretext to deny Plaintiff's claim; and

c. UNITEDHEALTHCARE ignored the opinions of Plaintiff's treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians. Deference should be given to the treating physicians' opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file. Further, UNITEDHEALTHCARE's highly conflicted physicians' opinions do not serve as substantial evidence as they are not supported by evidence in the claim file nor are they consistent with the overall evidence in the claim file.

20. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a) (1)(B).

21. Plaintiff has exhausted all mandatory administrative remedies afforded by the Plan and has otherwise complied with all conditions precedent to this action.

22. As a direct and proximate result of UNITEDHEALTHCARE's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits owed under the Plan since on or about September 29, 2024.

23. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees and costs to pursue this action, and is entitled to have such fees and costs

paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g) (1).

24. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that Plaintiff meets the Plan's definition of disability and consequently is entitled to all benefits from the Plan to which Plaintiff might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits from the beginning of Plaintiff's claim through the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about September 29, 2024, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which Plaintiff might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff is entitled to disability payments/benefits so long as Plaintiff remains disabled as defined in the Plan;

3. For reasonable attorney fees and costs incurred in this action; and,

4. Reinstatement of any employment benefits (such as health, dental or waiver of life insurance premiums) which were denied as a result of Defendant's denial of Plaintiff's LTD Plan claim.

5. For such other and further relief as the Court deems just and proper.

Dated: September 29, 2026

*/s/ Nick A. Ortiz*
Nick A. Ortiz, Esq.
FL. Bar No.: 12699
Ortiz Law Firm
316 S. Baylen St., Ste. 590
Pensacola, FL 32502
(850) 308-7833 (T)
(850) 208-3613 (F)
nick@nickortizlaw.com
Attorney for Plaintiff